**Dated: December 11, 2018**

**The following is ORDERED:**



Tom R. Cornish
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
TERRY LEE HENRY                         Case No. 18-80042-TRC
                                        Chapter 13

          Debtor.

TERRY LEE HENRY

          Plaintiff,

vs.                                     Adv. No. 18-8012-TRC

UNITED BUILT HOMES, L.L.C.,

          Defendant.

### ORDER DENYING MOTION TO DISMISS

      Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). This Court held a hearing on Defendant's Motion and Plaintiff's objection on November 14, 2018 and took the matter under advisement. After review, this Court finds that the motion to dismiss should be denied.

Rule 12(b)(6) of the Federal Rules of Civil Procedure is made applicable to adversary proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure. The focus of a motion to dismiss is on the complaint itself. The court's job is not to weigh potential evidence but to determine whether plaintiff's complaint alone is legally sufficient, and states a claim that is plausible on its face. *Williams v. Taylor*, 561 Fed. Appx. 695 (10th Cir. 2014) (citations omitted). The court must presume all of the plaintiff's factual allegations are true and construe them in the light most favorable to the plaintiff. *Id.* Bankruptcy Rule 7008 incorporates Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim to show that the pleader is entitled to relief." However, a court is not bound to accept as true "a legal conclusion couched as a factual allegation."[1] Disregarding conclusory statements, the remaining factual allegations must plausibly suggest the defendant is liable. A claim for relief is plausible when the plaintiff pleads facts adequate to draw a reasonable inference that the defendant is liable for the alleged misconduct.

Defendant's primary arguments are that the relief requested — rescission — is not available to Plaintiff, and that the factual allegations lack specificity and detail to support Plaintiff's causes of action, especially for fraud. After review of the Amended Complaint, the Court finds that it sets forth sufficient detail to put Defendant on notice of the actual grounds of the claims against it, and sets forth plausible claims. *See In re Expert South Tulsa, LLC*, 522 B.R. 634 (B.A.P. 10th Cir. 2014). Plaintiff's Amended Complaint contains allegations of oral representations regarding building size, concealment of material terms, withholding of material

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The purpose of pleading standards set forth in *Twombly* and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), is to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, and also to inform the defendants of the actual grounds of the claim against them.

information, suppression of Plaintiff's review of the contract prior to signing, as well as a detailed list of items that indicate a breach of their agreement. Plaintiff offers facts, when taken as true, that identify misrepresentations and concealments made by Defendant. Plaintiff also alleges misrepresntations regarding the effect of signing the Completion Statement. While the allegations of fraud are not highly detailed, they are sufficient to put Defendant on notice of the conduct that supports Plaintiff's causes of action.

Further, regarding the claim of rescission, Plaintiff has adequately offered support for his claim that rescission may be an available remedy under Oklahoma law. Although Defendant argues that rescission cannot possibly be appropriate in this case, particularly with a mortgage, Oklahoma law allows a court to adjust the equities between parties when rescission is sought, and may grant alternative forms of relief based upon a court's determination of what is appropriate under the circumstances.[2] *See* OKLA. STAT. tit. 15, §§ 233, 233A & 233B. Such determinations are obviously based on the facts of the case. The Court agrees that the remedy of rescission would be rare and is unlikely. However, assuming Plaintiff's factual allegations are true and considering them in the light most favorable to Plaintiff, the Court finds that the allegations of oral misrepresentations regarding building size, concealment of material terms, withholding of material information, and misrepresentations regarding the effect of the Completion Statement are more than mere threadbare recitals. They provide Defendant with sufficient and fair notice of Plaintiff's claims and factual grounds upon which they are based. The Court finds that it is plausible and not merely possible that Plaintiff is entitled to some form of relief under the cited laws. *See Christy Sports, LLC v Deer Valley Resort Co. LTD.,* 555 F.3d

---

[2] At least one Oklahoma court allowed a mortgage to be cancelled and the parties restored to their pre-contractual positions due to fraudulent representations of the seller/mortgagee. *See Doerr v. Henry*, 1990 OK CIV APP 62, 806 P.2d 669.

1188 (10th Cir. 2009).

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Docket Entry 12) is **denied.**

###